540 S.E.2d 458

**In the Matter of Roy C. ROBERTS, Former Florence County Magistrate, Respondent.**

No. 25219.

Supreme Court of South Carolina.

Submitted Dec. 5, 2000.

Decided Dec. 18, 2000.

Henry B. Richardson, Jr., and Assistant Attorney General Tracey C. Green, both of Columbia, for the Office of Disciplinary Counsel.

David Michael Ballenger, of Harwell, Ballenger, Barth, and Hoefer, LLP, of Florence, for respondent.

PER CURIAM:

In this judicial disciplinary matter, respondent and Disciplinary Counsel have entered into an agreement under Rule 21, of the Rules of Judicial Disciplinary Enforcement (RJDE), Rule 502, SCACR. In the agreement, respondent admits misconduct and consents to a public reprimand. Respondent also agrees never to apply for judicial office in South Carolina without the express written permission of the Supreme Court of South Carolina. We accept the agreement. The facts as admitted in the agreement are as follows.

### Facts

Respondent was a magistrate for Florence County from October 1987 until he was placed on interim suspension on

October 27, 1999. Respondent resigned his position as magistrate on May 30, 2000.

From May 1999 until June 1999, a certified public accountant (CPA) working for Florence County conducted an internal audit of the financial records for respondent's office for the period of January 1998 until June 1999. The CPA determined that there was a difference of $13,700 between the amount of cash fines for which receipts were given and the amount of cash fines actually deposited into the criminal account. The CPA also determined that there was a deficiency in the civil cash account of $1,325 in filing fees. The CPA found that respondent's clerk maintained a petty cash fund for the office, consisting of funds receipted but not deposited, for the purpose of making change.

From March 12, 1998, through June 30, 1999, respondent cashed nine checks for himself and his wife out of public monies held in his office. Although respondent wrote at least six checks from his personal checking account and placed the checks in the criminal cash bag, those checks were never negotiated and cannot be located. One of the personal checks written from respondent's personal account was in the amount of $225 when respondent's personal checking account reflected a negative balance of $2.22. On March 6, 1998, the date listed on one of the personal checks placed in the cash bag, respondent made a deposit of $75 into his personal checking account, which is the amount written on the non-negotiated check in the cash bag.

Investigators from the Florence County Sheriff's Office discovered a file in respondent's office marked "Money Owed." Inside the file was a yellow Post–It note in respondent's handwriting reflecting "(1) $150 to civil; (2) $200 to crim; and; (3) $300 to crim."

According to the CPA's findings, there were at least fifteen instances during the audit period in which no fees were collected for the filing of civil papers. In each of these instances, there were no documents supporting the claimant's in forma pauperis status, contrary to requirements of Rule 3 of the South Carolina Rules of Civil Procedure. In at least two of these instances, the party for which no fees were

collected for the filing of civil papers was a business entity not entitled to in forma pauperis status.

The CPA also determined that respondent received payments totaling $1,496 as Non-resident Vehicle Compact funds but they were not properly entered into the computer. As a result, at least one of the payees had their drivers license suspended.

Respondent repeatedly failed to reconcile the accounts maintained by his office as required by the published procedures of the South Carolina Office of Court Administration. He also failed to regularly deposit office funds as required by Court Administration. Respondent often kept cash stashed in various locations within the office overnight. Respondent borrowed money from either the civil or criminal accounts maintained in his office, either directly or by having one of his clerks remove the money for him. Respondent failed to respond to indications that money from the civil and criminal accounts was short.

## *Law*

By his conduct, respondent has violated the following provisions of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (failure to uphold the integrity and independence of the judiciary); Canon 2 (failure to avoid impropriety and the appearance of impropriety in all his activities); and Canon 3 (failing to perform the duties of his office impartially and diligently).

Respondent has also violated the following provisions of the Rules of Judicial Disciplinary Enforcement, Rule 502, SCACR: Rule 7(a)(1) (violating the Code of Judicial Conduct): and Rule 7(a)(4) (persistently failing to perform judicial duties or persistently performing judicial duties in an incompetent or neglectful manner).

## *Conclusion*

We accept the agreement for a public reprimand because respondent is no longer a magistrate and because he has agreed not to hereafter seek another judicial position in South Carolina unless first authorized to do so by this Court. Ac-

312

cordingly, respondent is hereby publicly reprimanded for his conduct.

PUBLIC REPRIMAND.